UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:12-CR-101-14-TAV-CCS |
| BRAD BOLTON, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal matter is before the Court for consideration of the Report and Recommendation entered by United States Magistrate Judge C. Clifford Shirley, Jr. (the "R&R") [Doc. 393]. The R&R addressed defendant Brad Bolton's Motion to Dismiss Indictment [Doc. 337]. Judge Shirley held a hearing on the motion on August 13, 2013 [Doc. 352]. He later issued the R&R, recommending that the Court deny the defendant's motion [*Id.* at 12]. The defendant has submitted objections to the R&R [Doc. 403], and the government has submitted a response to those objections [Doc. 411].

**I.    Background**

The defendant is charged with conspiracy to distribute and possess with intent to distribute crack cocaine, distribution of crack cocaine, and money laundering [Doc. 3]. The defendant contends, however, that the indictment against him should be dismissed because he alleges that two officers from the Roane County Sheriff's Office, detectives Kristopher Mynatt and Kelly Jason Mynatt ("Jason Mynatt"), had neither completed nor

filed the appropriate state oath of office when they participated in the investigation of the defendant in connection with this case [Doc. 403 p. 5]. The defendant submits that the indictment against him should be dismissed because the participation of Kristopher Mynatt and Jason Mynatt in the investigation of the defendant without having completed or filed proper state oaths of office constituted illegal police misconduct that was "outrageous" and "shocking to the universal sense of justice" [*Id.* at 10, 14–15]. The defendant also "ask[s] the Court to verify that all police officers have properly complied with all requirements referenced in [the] Motion to Dismiss," including Roane County Sheriff, Jack Stockton ("Sheriff Stockton") [*Id.* at 9].

In 2011 and 2012, Kristopher Mynatt participated in an investigation conducted jointly by the FBI and DEA into a cocaine trafficking conspiracy that resulted in the instant indictment of the defendant [Doc. 350-1 ¶ 9]. Kristopher Mynatt states that he took an oath upon joining the Roane County Sheriff's Office in 2006, and while there is some dispute as to exactly when this oath was taken, the defendant concedes that Mynatt had taken the oath by September 7, 2007 [Doc. 403 p. 8]. Yet, the defendant argues that the oath taken by Kristopher Mynatt was deficient because it did not contain language prohibiting him from taking fees, gifts, bribes, or gratuities [*Id.* at 9]. Judge Shirley concluded that the defendant "failed to demonstrate that Tennessee law requires this language for [sheriff's] deputies" [Doc. 393 p. 6]. In addition, Kristopher Mynatt took the requisite oaths when he was appointed as an FBI Task Force Officer in connection with the instant investigation [Doc. 350-1 ¶ 6–8].

2

Case 3:12-cr-00101-TAV-CCS   Document 435   Filed 01/14/14   Page 2 of 12   PageID #: 1533

Jason Mynatt does not recall taking an oath of office when he joined the Roane County Sheriff's Office in 2007, but he took the requisite oaths when he was appointed as an FBI Task Force Officer in connection with the instant investigation [Doc. 350-2 ¶¶ 4–5]. He took an oath for his position as a detective with the Roane County Sheriff's Office in 2012 [*Id.* ¶ 6]. Within the investigation of the defendant, Jason Mynatt's role consisted of supervising a controlled purchase of cocaine base by the defendant on May 5, 2011 [*Id.* ¶ 7]. Kelly Jackson, a Kingston police investigator who participated in the investigation, also supervised this controlled purchase [*Id.*]. This purchase formed the basis for Count Twenty-One of the indictment against the defendant [*Id.*]. It appears that the defendant has not received proof that Kelly Jackson took a properly administered oath, and the defendant thus objects to any reliance by Judge Shirley on Jackson's additional supervision of the controlled purchase [Doc. 403 p. 9]. In addition, the defendant submits that Jason Mynatt, Kristopher Mynatt, and Sheriff Stockton did not have the requisite state oaths filed in the county clerk's office, as required by Tennessee law [*Id.* at 6].

The defendant contends that the allegedly defective oaths and filings constitute outrageous police misconduct that warrants dismissal of the indictment against him because it amounts to a violation of the defendant's due process rights [*Id.* at 10, Doc. 337 p. 1]. Accordingly, the defendant requests that the Court dismiss the indictment against him pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure [Doc. 337 p. 1]. Judge Shirley recommended that the defendant's motion be denied [Doc. 393

p. 12], and the defendant has objected to the R&R issued by Judge Shirley on several grounds [Doc. 403].

## II.     Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected, considering the R&R, the motion to dismiss, the parties' underlying and supporting briefs, the defendant's objections, and the government's response to those objections, all in light of the applicable law.

## III.    Analysis

After careful consideration, and for the following reasons, the Court will adopt the R&R and deny the defendant's motion to dismiss.

### A.    Objections That Are Not Materially Relevant to the Disposition of This Motion

As will be subsequently discussed, in order for the Court to grant the defendant's motion and dismiss the indictment against him, the Court must find that the conduct by the law enforcement officers at issue was "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *United States v. Russell*, 411 U.S. 423, 431–32 (1973). To the extent that the defendant's objections to the R&R are not materially relevant to this determination, the Court will overrule them.

The defendant objects to any reliance by Judge Shirley upon the common law concept of *de facto* officers and any application of such [Doc. 403 p. 4]. The issue that is

4

determinative of the defendant's motion is whether the alleged misconduct is so outrageous that upholding the defendant's due process rights requires dismissal of the indictment, not whether the officers were in violation of Tennessee law during the investigation. Thus, the applicability of the *de facto* officer concept is not materially relevant to the determinative issue here, and the defendant's objection is therefore overruled. Similarly, the defendant objects to any reliance by Judge Shirley upon *United States v. O'Neal*, 3:08-CR-107, 2013 WL 1089876 (E.D. Tenn. Mar. 15, 2013), and *Farmers & Merchants Bank v. Chester*, 25 Tenn. 458 (1846), "to stand for the proposition that the lack of an oath of office does not make the evidence gathered by Kris and Jason Mynatt illegal" [Doc. 403 p. 6]. For the same reason, the Court overrules this objection as not materially relevant to the dispositive question presented by the defendant's motion.

The defendant also objects to the fact that the R&R does not address his allegation that records of the oaths at issue were not filed in the Roane County Clerk's Office as required under Tennessee law [*Id.*]. Because the critical question is whether the conduct at issue was outrageous, not whether it was fully compliant with Tennessee law, the Court overrules this objection and will consider the alleged conduct in the context of determining whether the law enforcement officers' conduct was outrageous. Next, the defendant submits that Judge Shirley erred by concluding that "Jason Mynatt was authorized as a federal task force officer to supervise a controlled purchase of drugs from [the defendant]" and objects to the suggestion that because Jason Mynatt took an oath in

5

connection with his appointment to the federal task force, he was relieved of his responsibility to take the state oath [*Id.* at 7]. The Court does not view the R&R as standing for the proposition that taking this federal oath relieved Jason Mynatt of any obligation to take the state oath and thus overrules this objection.

The defendant further states that Judge Shirley erred by concluding that Kristopher Mynatt took his oath of office on September 7, 2006, because the record of the oath submitted by the government lists the date as September 7, 2007, which the government alleges is a clerical error [*Id.* at 8, Doc. 350-1 p. 3]. Because both dates precede the conduct at issue in this case and are not materially relevant to the question of outrageousness, the Court overrules this objection. Likewise, alleged errors as to Judge Shirley's findings concerning whether a completed bond form was submitted with Kristopher Mynatt's oath, as well as allegations that he did not take the full oath, are not materially relevant to the issue of outrageousness and are thus overruled.

The defendant also asks the Court "to verify that all police officers have properly complied with all requirements referenced in this Motion to Dismiss," including Sheriff Stockton and Kingston police investigator Kelly Jackson [Doc. 403 p. 9]. Similarly, the defendant later objects to Judge Shirley's finding that the defendant failed to provide any proof that Sheriff Stockton did not have the requisite oath of office on file because the defendant had asked the Court to verify that he did [*Id.* at 13]. As the movant, the defendant has the burden of proffering evidence sufficient to invalidate the indictment, and the defendant has not set forth facts or authority with regard to his allegations against

Kelly Jackson and Sheriff Stockton sufficient to justify the relief he requests. Thus, these objections are overruled.

Further, the defendant submits that Judge Shirley erred by stating that the defendant does not challenge the substance of the indictment because he is doing just that by alleging that the charges against him resulted from police misconduct [*Id.* at 10]. The Court will consider this objection in the context of the defendant's objection to Judge Shirley's finding that the actions of the law enforcement officers in this case were not so outrageous as to constitute a due process violation, which will be addressed below.

Next, the defendant objects to Judge Shirley's finding that "the Defendant has failed to show that . . . Kristopher Mynatt's oath does not comply with the constitutional and statutory requirements of the state of Tennessee" [*Id.*]. Again, the question is not whether Kristopher Mynatt's oath complied with Tennessee law, but whether any noncompliance rose to the level of a due process violation, which will be addressed below. Therefore, this objection is overruled because it is not materially relevant to the determinative issue. For the same reason, the Court overrules the defendant's objection to Judge Shirley's finding that Kristopher Mynatt's oath was sufficient regardless of whether it mentioned bribery [*Id.* at 12]. This objection implicates the question as to whether Tennessee law requires sheriffs' deputies to take this portion of the oath, but because the Court finds this question is not materially relevant to the outrageousness issue, the Court need not address it here.

Moreover, the defendant objects to Judge Shirley's finding that Jason Mynatt was a sworn FBI task officer when he supervised the controlled purchase of narcotics by the defendant, offering the argument that Sheriff Stockton would have been the person who authorized Jason Mynatt to join this federal task force, and that if Sheriff Stockton did not have a proper oath on file, he would have lacked such authority, rendering Jason Mynatt's appointment void [*Id.* at 13–14]. The defendant has not offered evidence or authority to support these allegations, and they must therefore be denied.

The defendant objects to any reliance by Judge Shirley on the government's argument that their supervision and recording of a controlled purchase of crack cocaine by the defendant did not violate the defendant's privacy interests [*Id.* at 14–15]. The defendant does not argue that the Court should dismiss the indictment based on an infringement upon his expectation of privacy or privacy interests, and thus the Court overrules this objection as not materially relevant to the dispositive question of whether the officers' conduct was so outrageous that it violated the defendant's due process rights. The constitutionality of the officers' conduct will be addressed in the following section.

Finally, the defendant submits that Judge Shirley erred in relying on *United States v. Russell*, 411 U.S. 423, 431 (1973), because the officers in that case were unquestionably credentialed as officers of the state, whereas the instant officers were not because of the deficiencies relating to their oaths. Because the Court finds that Judge Shirley merely cited *Russell* for its recitation of the standard for evaluating the sort of due process violation alleged here and as an example of facts failing to rise to that level, not

8

as an analogous case dictating the same result in the present matter, the Court overrules this objection.

> **B. The R&R's Finding That Any Deficiencies Related to the Officers' Oaths Were Not So Outrageous as to Constitute a Due Process Violation**

The Supreme Court has stated: "we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Russell*, 411 U.S. at 431–32. To rise to this level, conduct must "violat[e] that fundamental fairness, shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment." *Id.* at 432 (citations and internal quotation marks omitted). The Court later elaborated that "[t]he limitations of the Due Process Clause of the Fifth Amendment come into play only when the Government activity in question violates some protected right of the Defendant." *Hampton v. United States*, 425 U.S. 484, 490 (1976). Such a defense is "rarely, if ever, . . . available." *United States v. Brown*, 635 F.2d 1207, 1212 (6th Cir. 1980) (citations and internal quotation marks omitted). In addressing such an argument, courts employ a totality of the circumstances test. *United States v. Koubriti*, 435 F. Supp. 2d 666, 678 (E.D. Mich. 2006).

The Court finds that several of the defendant's objections or allegations of error by Judge Shirley ultimately amount to an objection to Judge Shirley's finding that any alleged violations of state law by the officers in this case did not constitute outrageous conduct "shocking to the universal sense of justice" so as to merit dismissal of the

9

indictment against the defendant [Doc. 403 pp. 5, 10, 14–15]. The defendant alleges that: (1) Kristopher Mynatt's oath was deficient because it did not include the portion concerning bribery and was not properly filed; (2) Jason Mynatt had not taken the requisite state oath when he was investigating the defendant, which violates Tennessee law; and (3) Sheriff Stockton and Kelly Jackson may not have taken the requisite oaths either, but that he is unable to ascertain whether such is the case. The defendant submits that these officers were acting in violation of state law and without authority as law enforcement officers—conduct that the defendant argues is outrageous.

This Court has previously denied a defendant's request for a new trial on the basis that "a technical defect in a state officer's state oath of office" warrants the suppression of evidence, finding this sort of argument "contrary to Tennessee precedent." *O'Neal*, 2013 WL 1089876, at *3. In addition, the Court noted that the Supreme Court has indicated that the federal constitution is not the avenue through which to enforce state law. *Virginia v. Moore*, 553 U.S. 164, 178 (2008) (stating that "the arrest rules that the officers violated were those of state law alone, and as we have just concluded, it is not the province of the Fourth Amendment to enforce state law"). Here, the defendant seeks to use the federal constitution to attack a federal indictment based on violations of state law relating to state oaths of office. Precedent weighs against the defendant's argument.

In any event, even if the oath-related allegations made by the defendant are taken as true and indeed result in a violation of Tennessee law, this conduct does not constitute the sort of outrageous police conduct that amounts to an infringement upon the

10

defendant's due process rights.  Notably, Kristopher and Jason Mynatt took the requisite oaths to join the federal task force that conducted the instant investigation, and each had taken oaths in the past, indicating that any deficiency concerning their state oaths at the time of the instant investigation was likely inadvertent, and quite possibly, as the government argues, the result of an error by their superiors.  Moreover, the defendant does not allege that either Kristopher or Jason Mynatt behaved improperly during the investigation, outside of participating in it without having properly completed their state oaths.

The Sixth Circuit has stated that the asserted outrageous conduct defense is "rarely, if ever, . . . available."  *Brown*, 635 F.2d at 1212.  Taking into account the totality of the circumstances in this case, the Court finds that the alleged conduct on the part of Kristopher and Jason Mynatt, as well as Sheriff Stockton and Kelly Jackson, is neither outrageous nor shocking to the universal sense of justice, as the defendant submits. Therefore, this alleged conduct did not violate the defendant's due process rights, and the Court accordingly denies the defendant's motion to dismiss the indictment against him. *Russell*, 411 U.S. at 431–32.

### IV. Conclusion

In sum, after reviewing the record in this case, including the motion to dismiss, the R&R, the objections, the underlying briefs, and the relevant law, the Court determines that the magistrate judge fully and appropriately considered the arguments in support of the motion to dismiss.  Further, the Court agrees with the magistrate judge's analysis and

findings as to the issue of outrageousness and finds that this conclusion is dispositive of the motion.  Accordingly, and for the reasons previously stated, the defendant's objections to the R&R [Doc. 403] are **OVERRULED**, the R&R [Doc. 393] is **ACCEPTED**, and the defendant's Motion to Dismiss Indictment [Doc. 337] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE
